**SO ORDERED.**

**SIGNED this 29 day of November, 2005.**

_____

LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court

### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| QUANAH MICHAEL PARKER | 04-54962-C |
| *DEBTOR* | CHAPTER 7 |
| BARBARA KELLY | |
| *PLAINTIFF* | |
| V. | ADV. NO. 04-5156-C |
| QUANAH MICHAEL PARKER | |
| *DEFENDANT* | |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

CAME ON for hearing the foregoing matter. Plaintiff moved for summary judgment, based on the doctrine of issue preclusion. The plaintiff obtained a default judgment in state court against the defendant, and seeks summary judgment that the plaintiff's claim is nondischargeable, based upon the entry of that default judgment. Plaintiff maintains that the essential elements for nondischargeability were decided by the state court when it entered the default judgment.

Issue preclusion is applicable in federal bankruptcy nondischargeability actions. If an issue has been decided in a state court, and if that issue would be given preclusive effect in another state

court action, then, under the full faith and credit statute, the federal courts may, by applying the same rules of issue preclusion as would a state court, determine that an issue in the federal action has been preclusively determined in the state court action. 28 U.S.C. § 1738.

Two essential questions are presented here. First, would the courts of the state of Texas give preclusive effect to a default judgment? If so, then did the state court judgment in this case decide any or all of the issues essential to determine whether the plaintiff's claim is nondischargeable?

In Texas, a default judgment may be given preclusive effect with respect to an issue presented in that action, provided the state court is presented with evidence, and makes a determination. It is not enough, however, that the judgment simply recite that judgment is entered based on the evidence presented. That sort of judgment does not sufficiently establish that the specific issue sought to be precluded in the federal action was in fact decided by the state court. Both the Texas Supreme Court and the Fifth Circuit have emphasized the importance of sufficient particularity in the state court judgment as a predicate for the application of issue preclusion in a subsequent action. *See In re Pancake,* 106 F.3d 1242 (5th Cir. 1997).[1]

The summary judgment record before the court in this case falls short of the foregoing

---

[1] "Texas law requires that: A party seeking to invoke the doctrine of collateral estoppel must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Pancake* at 1244 (citing *In re Garner,* 56 F.3d 677, 680 (5th Cir. 1995) (*abrogated on other grounds*) which, in turn, cites *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816 (Tex. 1984)).

In *Pancake* the Fifth Circuit held that a state court judgment did not have preclusive effect because the judgment contained boilerplate language and did not fully recite the factual findings it made: "The only indication that the state court held a hearing comes from the final judgment, in which the court states that it heard "the evidence and arguments of counsel." That statement alone does not establish that Pancake received a full and fair adjudication on the issue of fraud. We therefore conclude and hold that the state court judgment does not have preclusive effect." *Id.*

standard. The judgment in question simply recited that "the factual allegations are true," then entered a monetary award. No further elaboration or findings are contained in the judgment. The plaintiff could have provided a transcript of the evidence presented at the default judgment hearing to demonstrate what evidence the court considered in making its determination, but no such transcript was attached. The affidavit of Barbara Kelly stated that "we made an uncontroverted record of evidence of damages ...," but no record was included in the summary judgment evidence. Moreover, evidence of damages is not, of itself, sufficient to make out plaintiff's claim for issue preclusion. The issue sought to be established in this dischargeability action is the *nature* of the claim that fits it within one of the exceptions to dischargeability in section 523, not simply the *amount* of the claim.

Because the state court judgment does not satisfy the requisites for applying issue preclusion to it, under the standards set out by the courts of Texas and the Fifth Circuit, the answer to the first issue is in the negative. For this reason, it is not necessary to reach the second issue. Summary judgment is denied. Trial of this cause is set for February 21, 2006 at 9:30 a.m. in Courtroom No. 1, 3rd Floor, Old U.S. Post Office & Courthouse, 615 E. Houston St., San Antonio, Texas.

# # #